*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 11a0078p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,
                        *Plaintiff-Appellee,*

                v.                                          No. 09-6554

WILLIAM HART, II,
                        *Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 08-00109-001—Jennifer B. Coffman, Chief District Judge.

Argued: March 2, 2011

Decided and Filed: March 29, 2011

Before: GILMAN, GIBBONS, and COOK, Circuit Judges.

_____

**COUNSEL**

**ARGUED:** Jonathan S. Ricketts, RICKETTS LAW OFFICES, PLLC, Louisville, Kentucky, for Appellant. Terry M. Cushing, ASSISTANT UNITED STATES ATTORNEY, Louisville, Kentucky, for Appellee. **ON BRIEF:** Jonathan S. Ricketts, Charles E. Ricketts, Jr., RICKETTS LAW OFFICES, PLLC, Louisville, Kentucky, for Appellant. Terry M. Cushing, Monica Wheatley, ASSISTANT UNITED STATES ATTORNEYS, Louisville, Kentucky, for Appellee.

_____

**OPINION**

_____

RONALD LEE GILMAN, Circuit Judge. William Hart, II was convicted under 18 U.S.C. § 2422(b) of attempting to persuade a minor to engage in unlawful sexual activity, and under 18 U.S.C. § 2251 of attempting to persuade a minor to engage in sexually explicit conduct for the purpose of producing visual depictions. These

1

convictions were based on internet conversations that took place between Hart and an undercover detective posing as a 14-year-old girl. The district court sentenced Hart to concurrent mandatory-minimum sentences of 120 months of imprisonment for violating 18 U.S.C. § 2422(b) and to 180 months of imprisonment for violating 18 U.S.C. § 2251, for a total of 180 months' imprisonment.

Hart now appeals his conviction and sentence. He argues on appeal (1) that the district court erred in failing to deliver an augmented unanimity jury instruction regarding the specific state offense that underlies the federal charges against him, (2) that 18 U.S.C. §§ 2422(b) and 2251 are unconstitutionally overbroad and vague, and (3) that his sentence violates the Double Jeopardy Clause, the Due Process Clause, and the Eighth Amendment. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

In August 2009, a jury sitting in the Western District of Kentucky returned a general verdict convicting Hart of (1) attempting to persuade a minor to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b); and (2) attempting to persuade a minor to engage in sexually explicit conduct for the purpose of producing visual depictions, in violation of 18 U.S.C. § 2251. The conduct that provided the bases for these convictions consisted of internet conversations that took place between Hart and an undercover detective who had created an online profile depicting a 14-year-old female known as "Ashley Michaels."

On November 21, 2006, Hart initiated contact with "Ashley" through her screen name, ashley_ky2106, using his screen name, Jtown9inch. During this conversation, Hart asked "Ashley" her age. She responded that she was 14. Hart replied that she was a bit too young, but continued the conversation. Hart and "Ashley" chatted three more times between November 28 and December 8, 2006. Throughout these conversations, Hart expressed his desire to have digital, oral, and penile sex with "Ashley." In the November 28 chat, Hart asked "Ashley" when and where he could meet her. The two

agreed that they would meet the following Friday during lunch time at a nearby bowling alley. Hart told her that he planned to bring a camera to the bowling alley so that he could take pictures and then e-mail them to her. Members of the Louisville Metro Police Crimes Against Children Unit arrested Hart at the bowling alley on December 8, 2006, where they also found a digital camera on the front seat of his car.

At trial, Hart asked the district court to deliver an augmented unanimity jury instruction regarding the unlawful-sexual-activity element of 18 U.S.C. § 2422(b). An augmented unanimity instruction would have required that, before the jurors could find Hart guilty under § 2422(b), they must unanimously decide which of the underlying Kentucky crimes he had attempted to violate in his effort to persuade a 14-year-old girl to engage in unlawful sexual activity. The two possible underlying Kentucky crimes were sodomy in the third degree and rape in the third degree. Over Hart's objections, the court denied his request. The jury later returned a general verdict of guilty on both counts of the indictment.

Hart was sentenced in December 2009. The Presentence Report noted that because both counts involved transactions that were part of a common plan, they are grouped together under United States Sentencing Guidelines (U.S.S.G.) § 3D1.2(b). Under that section, Hart's base offense level was determined by using the Guidelines section that yielded the highest offense level. That meant that Hart's base offense level was 32 under U.S.S.G. § 2G2.1, the Guidelines section for 18 U.S.C. § 2251. An additional two levels were added under U.S.S.G. § 2G2.1(b)(1) because the offense involved a minor who was older than 12 but younger than 16. Pursuant to U.S.S.G. § 2G1.2(b)(6), two more levels were added because Hart had used a computer to commit the offense. Finally, the court added two levels under U.S.S.G. § 3C1.1 because evidence presented by the government showed that Hart committed perjury when he testified that he did not believe that "Ashley" was a minor.

Hart's total offense level was therefore 38 and his criminal history category was I. Based on these calculations, Hart's Guidelines range was 235 to 293 months of imprisonment. In addition, 18 U.S.C. § 2422(b) provides for a statutory minimum term

of 10 years (120 months) of imprisonment and 18 U.S.C. § 2251(e) requires a minimum of 15 years (180 months) of imprisonment. The district court sentenced Hart to concurrent mandatory-minimum sentences for the two counts in question, for a total of 180 months' imprisonment.

Hart now appeals his conviction and sentence, arguing (1) that the district court erred in rejecting his request to include an augmented unanimity jury instruction that would have required the jurors to unanimously agree on which of the underlying state offenses Hart would have violated had he engaged in sexual activity with "Ashley"; (2) that 18 U.S.C. §§ 2422 and 2251 are unconstitutionally overbroad and vague; and (3) that the sentences imposed violate the Double Jeopardy and Due Process clauses of the Fifth Amendment, as well as the Eighth Amendment's ban on cruel and unusual punishment.

## II.  ANALYSIS

## A.  Augmented unanimity jury instruction

### 1.  Standard of review

We review a district court's denial of a proposed jury instruction under the abuse-of-discretion standard. *United States v. Adams*, 583 F.3d 457, 468–69 (6th Cir. 2009). Jury instructions are viewed "as a whole to determine if they adequately inform the jury of the relevant considerations and provide a basis in law for aiding the jury in reaching its decision." *United States v. Blackwell*, 459 F.3d 739, 764 (6th Cir. 2006) (internal quotation marks omitted). "A trial court's refusal to give a requested jury instruction is reversible error only if the instruction is (1) correct, (2) not substantially covered by the actual jury charge, and (3) so important that failure to give it substantially impairs [the] defendant's defense." *United States v. Heath*, 525 F.3d 451, 456 (6th Cir. 2008) (internal quotation marks omitted).

### 2. *Jury instructions under 18 U.S.C. § 2422(b)*

A person can be convicted of violating 18 U.S.C. § 2422(b) if he or she knowingly uses interstate commerce to persuade, induce, entice, or coerce "any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so." "Congress has made a clear choice [in 18 U.S.C. § 2422(b)] to criminalize persuasion and the attempt to persuade, not the performance of the sexual acts themselves." *United States v. Bailey*, 228 F.3d 637, 639 (6th Cir. 2000).

The underlying sexual activities that Hart could have been charged with under Kentucky law, if the acts had been completed, are sodomy in the third degree and rape in the third degree. A person is guilty of sodomy in the third degree if, "[b]eing twenty-one (21) years old or more, he or she engages in deviate sexual intercourse with another person less than sixteen (16) years old." Ky. Rev. Stat. Ann. § 510.090(1)(b); *see id.* § 510.010(1) (defining deviate sexual intercourse as "any act of sexual gratification involving the sex organs of one person and the mouth or anus of another; or penetration of the anus of one person by a foreign object manipulated by another person"). Under Kentucky law, a person is guilty of rape in the third degree if, "[b]eing twenty-one (21) years old or more, he or she engages in sexual intercourse with another person less than sixteen (16) years old." Ky. Rev. Stat. Ann. § 510.060(1)(b); *see id.* § 510.010(8) (defining sexual intercourse to mean "sexual intercourse in its ordinary sense and includes penetration of the sex organs of one person by a foreign object manipulated by another person").

Hart argues on appeal that the district court erred in denying his request for an augmented unanimity instruction before the jury could convict him under 18 U.S.C. § 2422(b). Specifically, Hart argues that, based on the Seventh Circuit's decision in *United States v. Mannava*, 565 F.3d 412 (7th Cir. 2009), the jury should have been required to identify in its verdict form "which of the [Kentucky] statutes it unanimously concluded the Defendant violated."

"[A] jury instruction addressing specific or augmented unanimity is necessary if 1) a count is extremely complex, 2) there is a variance between the indictment and the proof at trial, or 3) there is a tangible risk of jury confusion." *United States v. Krimsky*, 230 F.3d 855, 860 (6th Cir. 2000) (internal quotation marks omitted). "[A] single count that presents more than one potential basis for conviction does not automatically require a unanimity instruction." *United States v. Algee*, 599 F.3d 506, 514 (6th Cir. 2010) (internal quotation marks omitted). "Rather, we have consistently recognized that the need arises when it is shown that there is a genuine risk that the jury is confused or that a conviction may occur as the result of different jurors concluding that a defendant committed different acts." *Id.* (internal quotation marks omitted). In this case, the first and second bases for an augmented unanimity instruction set forth in *Krimsky* are not present. The only question that we must decide on this issue is whether there was a tangible risk of jury confusion without Hart's proposed augmented unanimity instruction.

To convict Hart under 18 U.S.C. § 2422(b), the jury had to unanimously agree (1) that Hart used interstate commerce in an attempt to knowingly persuade an individual under the age of 18 to engage in sexual activity; (2) that Hart believed that such an individual was less than 18; and (3) that if sexual activity had occurred, Hart could have been charged with a criminal offense under the laws of Kentucky. The issue in this case turns on the third element, the underlying chargeable sexual activity. In order to convict Hart, the jury had to unanimously agree that the sexual activity that Hart attempted to persuade "Ashley" to engage in would have been chargeable as a crime under Kentucky law.

Hart relies on the Seventh Circuit's decision in *Mannava* to support his unanimity-instruction argument. In *Mannava*, the Seventh Circuit held that "[t]he liability created by 18 U.S.C. § 2422(b) depends on the defendant's having violated another statute, and the elements of the offense under that other statute must therefore be elements of the federal offense in order to preserve the requirement of jury unanimity." 565 F.3d at 415. *Mannava* was a child-pornography case in which the

defendant was convicted under 18 U.S.C. § 2422(b) by a general verdict of the jury. The underlying Indiana crimes were "vicarious sexual gratification" and "child solicitation." *Id.* at 414.

We respectfully disagree with the Seventh Circuit's analysis on this issue. Because 18 U.S.C. § 2422(b) criminalizes persuasion and the attempt to persuade, the government is not required to prove that the defendant completed or attempted to complete any specific chargeable offense. The government need only prove, and the jury unanimously agree, that the defendant attempted to persuade a minor to engage in sexual activity that would have been chargeable as a crime if it had been completed. In this case, all 12 jurors found that Hart attempted to persuade "Ashley" to engage in sexual activity that, if completed, would have violated Kentucky law. There is no requirement under 18 U.S.C. § 2422(b) that they had to unanimously agree on the specific type of unlawful sexual activity that he would have engaged in.

Hart's reliance on *Richardson v. United States*, 526 U.S. 813 (1999), is similarly misplaced. In *Richardson*, the Supreme Court analyzed the continuing-criminal-enterprise statute, 21 U.S.C. § 848. To convict a defendant under that statute, the government must prove that the defendant engaged in a continuing series of violations of the federal drug laws. *Id.* at 815. The breadth of 21 U.S.C. § 848, combined with the statute's use of the word "violations," led the Court to hold that "a jury in a federal criminal case brought under § 848 must unanimously agree not only that the defendant committed some 'continuing series of violations' but also that the defendant committed each of the individual 'violations' necessary to make up that 'continuing series.'" *Id.* In *Richardson*, however, the Court "distinguished between elements of a crime, which it held had to be determined unanimously, and the means by which an element may be accomplished, which does not require unanimity." *United States v. Davis*, 306 F.3d 398, 413 (6th Cir. 2002) (holding that no augmented unanimity instruction was required in an aiding-and-abetting case).

The structure of 18 U.S.C. § 2422(b) is materially different from the continuing-criminal-enterprise statute analyzed in *Richardson*. Under § 2422(b), the government

must prove that the sexual activity proposed to a minor could be chargeable as a criminal offense.  In this case, the jurors had to unanimously agree that Hart could have been charged under Kentucky law for the sexual activity that he attempted to persuade "Ashley" to engage in during their online chats.  But the jury did not have to unanimously agree on the specific means of violating 18 U.S.C. § 2422(b); i.e., through either sodomy or rape, or both.  *See, e.g.*, *Davis*, 306 F.3d at 414 (holding that "although there may have been various means by which Defendant aided and abetted in the underlying offenses for which he was convicted, no unanimity instruction with regard to these various means was necessary"); *see also Schad v. Arizona*, 501 U.S. 624, 631–32 (1991) (noting that the Court has "never suggested that in returning general verdicts . . . [,] jurors should be required to agree upon a single means of commission, any more than the indictments were required to specify one alone . . . [;] different jurors may be persuaded by different pieces of evidence, even when they agree upon the bottom line" (internal quotation marks omitted)).

Under 18 U.S.C. § 2422(b), the underlying Kentucky criminal offenses are not elements of the federal offense.  This makes § 2422(b) distinguishable from the continuing-criminal-enterprise statute analyzed in *Richardson*, where the underlying specific violations of the federal drug laws were actually elements of the crime that the jury was required to unanimously agree on before they could convict Richardson.  Because the present case is distinguishable from *Richardson*, an augmented unanimity jury instruction was not required, and the district court did not err rejecting Hart's proposed jury instruction.

**B.  Constitutionality of 18 U.S.C. §§ 2422(b) and 2251**

We review de novo the legal question of whether a criminal statute is unconstitutionally vague or overbroad.  *United States v. Suarez*, 263 F.3d 468, 476 (6th Cir. 2001).  A criminal statute is unconstitutionally vague where it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement."  *Holder v. Humanitarian Law Project*, 130 S. Ct. 2705, 2718 (2010) (internal quotation marks

omitted). And "for a statute to be found unconstitutional on its face on overbreadth grounds, there must be a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the court." *Leonardson v. City of East Lansing*, 896 F.2d 190, 195 (6th Cir. 1990) (internal quotation marks omitted). "In addressing a facial overbreadth challenge, a court must first determine whether the regulation reaches a substantial amount of constitutionally protected conduct." *Id.* "Because the invalidation of a statute on overbreadth grounds is, 'manifestly, strong medicine,' the doctrine is to be employed 'sparingly.'" *Id.* (quoting *Broadrick v. Oklahoma*, 413 U.S. 601, 613 (1973)).

In *United States v. Bailey*, 228 F.3d 637 (6th Cir. 2000), this court held that 18 U.S.C. § 2422(b) does not present any problems of vagueness or overbreadth because (1) the statute applies only to persons who knowingly attempt to persuade minors to engage in sexual activity, and (2) a defendant "does not have a First Amendment right to attempt to persuade minors to engage in illegal sex acts." *Id.* at 639. Hart's vagueness and overbreadth challenges to 18 U.S.C. § 2422(b) are therefore without merit.

Regarding the constitutionality of 18 U.S.C. § 2251, Hart asserts that the use of the word "persuade" is unconstitutionally subjective and fails to "define the limits and boundaries of enforcement of the prohibited conduct." A person violates 18 U.S.C. § 2251 if he or she attempts to persuade a minor to engage in "sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct."

Congress did not define the term "persuade" in 18 U.S.C. § 2251. But "[w]hen a term is undefined, we give it its ordinary meaning." *United States v. Santos*, 553 U.S. 507, 511 (2008). This circuit has not previously addressed a vagueness challenge to the use of the word "persuade" in 18 U.S.C. § 2251 or § 2422(b), although other circuits have addressed Hart's argument in the context of 18 U.S.C. § 2422(b), which also uses the word "persuade."

In *United States v. Tykarsky*, 446 F.3d 458, 473 (3d Cir. 2006), the Third Circuit held that even though 18 U.S.C. § 2422(b) does not define the word "persuade," the statute is not unconstitutionally vague.  The court concluded that the word "persuade" in § 2422(b) has "a plain and ordinary meaning that does not need further technical explanation," and that the term is "sufficiently precise to give a person of ordinary intelligence fair notice as to what is permitted and what is prohibited and to prevent arbitrary and discriminatory enforcement."  *Id.* (internal quotation marks omitted); *see also United States v. Gagliardi*, 506 F.3d 140, 147 (2d Cir. 2007) ("The words attempt, persuade, induce, entice, or coerce, though not defined in the statute, are words of common usage that have plain and ordinary meanings . . . sufficiently definite that ordinary people using common sense could grasp the nature of the prohibited conduct." (citation and internal quotation marks omitted)); *United States v. Panfil*, 338 F.3d 1299, 1301 (11th Cir. 2003) (per curiam) (holding that 18 U.S.C. § 2422(b) is not unconstitutionally vague or overbroad because the terms "entice" and "induce" have plain and ordinary meanings that sufficiently notify ordinary citizens of what activity would constitute illegal enticement or inducement).

We agree that the term "persuade" in 18 U.S.C. § 2422(b) has an ordinary meaning that is not subject to ambiguity.  And because 18 U.S.C. § 2251 uses the term persuade in the same way that the word is used in § 2422(b), § 2251 is not void for vagueness.  Further, because Hart does not have a First Amendment right to attempt to persuade a minor to engage in sexually explicit conduct for the purpose of creating a visual depiction of such conduct, his argument that 18 U.S.C. § 2251 is overbroad also fails.  *See Bailey*, 228 F.3d at 639.

## C.  Constitutionality of Hart's sentence

In addition to the issues he raises regarding his conviction, Hart presents several constitutional challenges to his sentence.  We review these sentencing claims under the plain-error standard because Hart did not raise these latter challenges in the district court.  *See United States v. Watkins*, 509 F.3d 277, 281–82 (6th Cir. 2007) (holding that because Watkins failed to present his Eighth Amendment challenge at the sentencing

hearing, the plain-error standard of review applied).  Under the plain-error standard, no relief will be granted unless the defendant-appellant demonstrates that

> (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*United States v. Brooks*, 628 F.3d 791, 797 (6th Cir. 2011) (quoting *United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010)).

Hart first argues that his sentence violates the Double Jeopardy Clause because 18 U.S.C. §§ 2422(b) and 2251 are allegedly the same offense for which only a single sentence can be imposed.  "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."  *Blockburger v. United States*, 284 U.S. 299, 304 (1932).  Here, 18 U.S.C. § 2422(b) requires the government to prove that Hart attempted to persuade a minor to engage in "sexual activity for which any person can be charged with a criminal offense."  This element is not found in 18 U.S.C. § 2251.  And § 2251 requires the government to prove that Hart attempted to persuade a minor to engage in sexually explicit conduct "for the purpose of producing any visual depiction of such conduct."  This element is not contained in 18 U.S.C. § 2422(b).  Because 18 U.S.C. §§ 2422(b) and 2251 each require proof of an element that the other does not, Hart's double jeopardy argument fails.

Hart next argues that the statutory minimum sentences in 18 U.S.C. §§ 2422(b) and 2251 violate the Due Process Clause because the district court did not have the opportunity to consider any mitigating factors.  But this court has upheld the application of statutory mandatory-minimum sentences against such a challenge. *See United States v. Dumas*, 934 F.2d 1387, 1389 (6th Cir. 1990) (holding that "the scope of judicial discretion with respect to a sentence is subject to congressional control") (quoting

*Mistretta v. United States*, 488 U.S. 361, 364 (1989)).  Hart's due process argument is therefore without merit.

Finally, Hart argues that his sentence violates the Eighth Amendment's protection against cruel and unusual punishment.  The Eighth Amendment, however, prohibits only "extreme sentences that are grossly disproportionate to the crime." *United States v. Graham*, 622 F.3d 445, 452 (6th Cir. 2010) (internal quotation marks omitted).  In *United States v. Hughes*, 632 F.3d 956, 959 (6th Cir. 2011), this court held that 18 U.S.C. § 2422(b)'s 10-year mandatory minimum sentence "for attempting to entice a minor into sexual relations raises no inference that it is 'grossly disproportionate.'"

This court has not reached the same question with regard to 18 U.S.C. § 2251.  But several of our sister circuits have reached the issue and have held that there is "no gross disproportionality between the fifteen-year mandatory minimum term of imprisonment established by 18 U.S.C. § 2251" and the conduct punished by the statute.  *United States v. Polk*, 546 F.3d 74, 77–78 (1st Cir. 2008) (stating that the crime of attempting to produce child pornography "is a profoundly serious matter . . . [that] Congress was entitled to punish . . . heavily"); *see also United States v. Higgins*, No. 08-13872, 2009 WL 212078, at *1 (11th Cir. Jan. 30, 2009) (per curiam) (unpublished) (same); *United States v. Davis*, 306 F. App'x 102, 104 (5th Cir. Jan. 7, 2009) (per curiam) (same).  Given the seriousness of the conduct punished by 18 U.S.C. § 2251, we join our sister circuits that have addressed this issue and conclude that this is not a case in which the crime is so grossly disproportionate to the sentence as to violate the Eighth Amendment.

### III.  CONCLUSION

For all the reasons set forth above, we **AFFIRM** the judgment of the district court.