HAIGHT, Judge,
joined by Chief Judge AYRES, Senior Judge COOK, and Judge GALLAGHER,
dissenting:
Appellant was charged under Article 134, UCMJ, of a violation of 18 U.S.C. § 2422(b), which criminalizes, under the requisite circumstances, the knowing persuasion, inducement, enticement, or coercion of a minor to engage in illegal sexual activity or attempts to do so.[1] Appellant pleaded guilty to and was convicted of the attempted enticement.
In a written stipulation of fact, appellant repeatedly admitted that he had attempted to entice as well as enticed one whom he believed to be a fourteen year-old girl to engage in illegal sexual activity.[2] During the providence inquiry, as the majority opinion details, appellant admitted sufficient facts detailing his attempted persuasion, enticement, or inducement of a minor to engage in sexual activity.
Later, in an unsworn statement, without denying any intent to entice, appellant stated he never intended to act on the sexually explicit conversations. This sentiment was echoed in defense counsel’s sentencing argument. Before deliberation, the military judge clarified and all agreed that once the criminal enticement had occurred, it was unnecessary to show “follow-through.” The defense counsel concurred, “That is correct, Your Honor, and specifically there is case law that does not require a substantial step moving forward to actually commit the offense for which he was enticing for, just that he intended to entice them to commit that offense.”
THERE IS NO INCONSISTENCY
The majority correctly points out that this court will disapprove any finding of guilty when the military judge fails to resolve matters inconsistent with the plea of guilty. See UCMJ art. 45(a). This is not such a case. A stated lack of intent to engage in sexual activity is not inconsistent with the intent to entice to engage in sexual activity.[3] The majority’s explicit holding merely adds the word “actually” twice to the language of the statute. This addition is unnecessarily dis-tortive and creates an inconsistency where none need exist. Their determination that “[i]n short, the accused must intend that the minor, ultimately, actually engage in illegal sexual activity as a result of his persuasion, inducement, or enticement” is contrary to the plain language of the statute.
Rather than attempting to decipher the statute by scrutinizing the legislative history of proposed legislation, I would adopt the federal circuits’ approach and “conclude that, in enacting section 2422(b), Congress said what it meant and meant what it said” and “reject the ... thesis that section 2422(b) should be interpreted to include, as an additional element of the offense, an intent that *584 the underlying sexual activity actually take place.” United States v. Dwinells, 508 F.3d 63, 65 (1st Cir.2007).[4] The majority states “[a] definition for the intent required has yet to be resolved in our jurisdiction,” disregarding fairly clear guidance from our superior court in United States v. Winckelmann, 70 M.J. 403 (C.A.A.F.2011).
In Winckelmann, our superior court, after correctly listing the elements of an attempt under § 2422(b) as the intent to entice and a substantial step toward enticement, added the following footnote:
While in this case, the military judge incorrectly instructed the members that the substantial step must be toward actually engaging in sexual activity rather than a substantial step towards enticement alone, that does not affect the analysis of the question whether there was a substantial step at all under the facts of this ease.
Id. at 407 n. 4. As the majority highlights, Winckelmann revolved around a “substantial step” analysis. Nevertheless, exactly what intent is required by § 2422(b) is indicated by the declaration, “[A] substantial step must be conduct strongly corroborative of the firmness of the defendant’s criminal intent.” Id. at 407 (citations omitted). Accordingly, the substantial step must correlate to the appropriate intent, making the aforementioned footnote all the more persuasive.
Our sister court, the United States Navy-Marine Corps Court of Criminal Appeals squarely addressed this issue and determined, “The specific intent required to violate § 2422(b) was also addressed by the Court of Appeals for the Armed Forces (CAAF) in Brooks. Specifically, CAAF adopted a Sixth Circuit Court of Appeals’ view that an accused need not intend that the underlying sexual activity actually take place but only that the accused intend to persuade a minor to engage in such activity.” United States v. Garner, 67 M.J. 734, 738 (N.M.Ct.Crim.App.2009).[5] The majority minimizes the import of Gamer by labeling its reliance upon United States v. Brooks, 60 M.J. 495 (C.A.A.F.2005), as a misinterpretation. This label is somewhat suspect as Brooks is referenced for its citation to United States v. Bailey, 228 F.3d 637 (6th Cir.2000). The language in Bailey is straightforward and difficult to misinterpret:
While it may be rare for there to be a separation between the intent to persuade and the follow-up intent to perform the act after persuasion, they are two clearly separate and different intents and the Congress has made a clear choice to criminalize persuasion and the attempt to persuade, not the performance of the sexual acts themselves.
Bailey, 228 F.3d at 639.
The majority takes the position that one who intends to persuade or entice must necessarily also intend for the underlying sexual activity to occur. This reasoning has been roundly rejected. When determining the admissibility of expert testimony regarding the likelihood that an accused would actually act on his enticements, courts have ruled that evidence as irrelevant because lack of intent to have sex does not make it more likely or not that the accused attempted to entice or persuade. See United States v. Hofus, 598 F.3d 1171 (9th Cir.2010), cert. denied, — *585 U.S. —, 131 S.Ct. 364, 178 L.Ed.2d 235 (2010).
While it is indeed interesting to consider whether § 2422(b) is a corrupting statute, a luring statute, or a “minor’s assent” statute, ultimately, the plain language of the statute must be given effect. Appellant pleaded guilty to attempting to entice a minor to engage in illegal sexual activity, admitted to intending to entice one whom he thought was a minor to engage in illegal sexual activity, and never contradicted that admission. I simply do not share the majority’s concern that application of the plain language of the statute would somehow create conflict with its legislative history,[6] improperly exclude predators from criminal liability, or inadequately address scenarios of indirect enticement, persuasion, or inducement.[7] Likewise, questions of preemption, maximum punishment, and closely related offenses do not compel a conclusion other than the statute means what it says.
For the above reasons, I respectfully dissent. I would affirm the findings of guilty and the sentence.

.The Specification of Charge II alleged, "In that Sergeant Nicholas R. Schell, U.S. Army, did, at or near Fort Leavenworth, Kansas, on or between 17 March 2010 and 18 March 2010, knowingly attempt to persuade, induce or entice an individual known to him by the screen name ‘joco_cheer_girl’ and given name ‘[TA]', a person the said Sergeant Schell believed to be less than 18 years of age, by means or facility of interstate commerce, to wit: the internet, to engage in sexual activity which, if undertaken, would constitute a criminal offense under Article 120 of the Uniform Code of Military Justice, in violation of 18 U.S.Code Section 2422(b) which conduct was of a nature to bring discredit upon the armed forces.”

. Significantly, when disavowing any possible defense of entrapment, appellant stipulated that his predisposition to attempt to entice a minor to engage in sexual activity was based upon his history of inviting others to engage in sexually deviant behavior, not upon any history of actually engaging in sexually deviant behavior.

. Although it may be a practice of tautology, it is necessary to point out in the simplest of terms that the lack of intent to have sex would only be contradictory with an expressed intent to have sex, not the statutorily required intent to entice.

. While uniformity among the federal circuits is not per se determinative, it is informative that the United States Court of Appeals for the First Circuit went so far as to explicitly reject any notion of alternative interpretations. "The appellant tries to paint a picture of uncertainty by arguing that the courts of appeals have split over the interpretation of section 2422(b). But the case law does not support that gloomy assessment. ... Insofar as we can tell, the decisions that are on point uniformly reject the 'double intent’ hypothesis.” Dwinells, 508 F.3d at 70 (citing United States v. Brand, 467 F.3d 179, 202 (2d Cir.2006); United States v. Thomas, 410 F.3d 1235, 1244 (10th Cir.2005); United States v. Patten, 397 F.3d 1100, 1103 (8th Cir.2005); United States v. Murrell, 368 F.3d 1283, 1286 (11th Cir.2004); United States v. Bailey, 228 F.3d 637, 639 (6th Cir.2000); United States v. Goetzke, 494 F.3d 1231, 1236 (9th Cir.2007)).

. That decision was affirmed by the Court of Appeals for the Armed Forces, without addressing the lower court’s interpretation of United States v. Gladish, 536 F.3d 646 (7th Cir.2008) or Goetzke, because the record contained the required guilty plea admissions by the accused. United States v. Garner, 69 M.J. 31 (C.A.A.F. 2010), aff'g 67 M.J. 734 (N.M.Ct.Crim.App.2009). Similarly, the record in this case contains ample admissions by appellant that he intended to persuade, entice, or induce.

. Section 2422(b) targets the sexual grooming of minors as well as the actual sexual exploitation of them. See United States v. Engle, 676 F.3d 405 (4th Cir.2012). "Section 2422(b) ... was designed to protect children from the act of solicitation itself — a harm distinct from that proscribed by § 2423 [which criminalizes an intent to engage in illicit sex].'' United States v. Nitschke, 843 F.Supp.2d 4, 11 (D.D.C.2011) (citing United States v. Hughes, 632 F.3d 956, 961 (6th Cir.2011)).

. Whether the underlying sexual activity occurs or is intended to occur is equally irrelevant to enticement of the minor to engage in illegal sexual activity with third parties as it is to enticement of a minor to have illegal sexual activity with the accused himself.