NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0058n.06

Nos. 11-2563/2578

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,  )
                                                          )
      Plaintiff-Appellee,  )
                                                          )
v.  )
                                                          )    ON APPEAL FROM THE
WEN ZHANG (No. 11-2563),  )    UNITED STATES DISTRICT
TENG CHEN (No. 11-2578),  )    COURT FOR THE WESTERN
                                                          )    DISTRICT OF MICHIGAN
      Defendants-Appellants.  )

FILED
*Jan 11, 2013*
DEBORAH S. HUNT, Clerk

BEFORE:  MARTIN, SUHRHEINRICH, and GIBBONS, Circuit Judges.

PER CURIAM.  In this consolidated criminal appeal, Wen Zhang and Teng Chen appeal the district court's respective sentences of seventy-nine and ninety-seven months of imprisonment.

Zhang and Chen pleaded guilty to access device fraud, in violation of 18 U.S.C. § 1029(a)(2), involving 741 access devices.  The district court determined that each defendant's base offense level was six.  The court added six levels because the offense involved 250 or more victims, two levels because the offense involved sophisticated means, two levels because the offense involved the possession or use of device-making equipment, and two levels for obstruction of justice.  The district court also added twelve levels under USSG § 2B1.1(b)(1)(G) because the amount of loss was between $200,000 and $400,000.  In calculating the loss amount, the court relied in part on a special rule set forth in § 2B1.1 cmt. n.3(F)(i) that applies a minimum loss amount of $500 for each access device.  Based on the total offense level of thirty, a criminal history category of I, and a statutory

maximum sentence of 120 months, the district court determined that the advisory sentencing guidelines range for each defendant was ninety-seven to 120 months of imprisonment. The court granted Zhang a downward variance and sentenced him to seventy-nine months of imprisonment. The court sentenced Chen to ninety-seven months of imprisonment.

On appeal, Zhang argues that his sentence was procedurally unreasonable because the district court improperly calculated his guidelines range using the special rule set forth in § 2B1.1 cmt. n.3(F)(i). Zhang also argues that his sentence was rendered substantively unreasonable by the district court's reliance on the special rule. Chen contends that the court's reliance on the special rule violated his due process rights because it resulted in an arbitrary loss calculation and denied him a reasonable opportunity to challenge the amount of loss. Chen also contends that his sentence was unreasonable because the combination of applicable offense-level enhancements overstated the harm resulting from his crime and the district court failed to give proper weight to his youth and background.

"A district court's sentencing determination is reviewed under a deferential abuse-of-discretion standard for reasonableness, which has both a procedural and a substantive component." *United States v. O'Georgia*, 569 F.3d 281, 287 (6th Cir. 2009) (internal quotation marks omitted). A sentence is procedurally unreasonable where the district court improperly calculates the guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007). "A sentence may be substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent [18 U.S.C.] § 3553(a) factors or gives an unreasonable amount of

weight to any pertinent factor." *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008) (internal quotation marks and alterations omitted). We apply a rebuttable presumption of reasonableness to a within-guidelines sentence. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

Zhang's sentence is both procedurally and substantively reasonable. Despite Zhang's argument to the contrary, the district court properly calculated his guidelines range by determining a loss amount using § 2B1.1 cmt. n.3(F)(i). *See United States v. Lyles*, Nos. 11-5774, 11-5818, 2012 WL 5907483, at *3 (6th Cir. Nov. 26, 2012). Further, before imposing the sentence, the district court discussed several relevant sentencing factors that were unfavorable to Zhang, including the seriousness of the offense, his initial failure to be truthful with authorities, and the need for general deterrence. The district court also discussed several factors that were favorable to Zhang, including his lack of criminal history, the short amount of time he was involved in the crime, and his ultimate cooperation with authorities. Because there is nothing in the record demonstrating that the district court selected the sentence arbitrarily, failed to consider a pertinent sentencing factor, or gave an unreasonable amount of weight to any factor, Zhang cannot overcome the presumption that his below-guidelines sentence was substantively reasonable. *See id.* at *11.

Because Chen did not raise his due-process claim in the district court, we review the argument for plain error. *See United States v. Hart*, 635 F.3d 850, 858 (6th Cir. 2011), *cert. denied*, 132 S. Ct. 1001 (2012). The district court's reliance on the special rule set forth in § 2B1.1 cmt. n.3(F)(i) did not deprive Chen of a reasonable opportunity to challenge the appropriate amount of loss for purposes of the sentencing guidelines. In both his sentencing memorandum and at his

sentencing hearing, Chen argued that the district court should disregard the special rule and instead rely on the actual amount of loss. The district court recognized its discretion to disregard the guidelines. Further, use of the special rule does not result in an arbitrary loss calculation because the rule rationally attempts to estimate the intended loss amount that is relevant under the guidelines. *See* USSG § 2B1.1(b)(1) & cmt. n.3.

Chen's sentence was also substantively reasonable. Chen has not shown that his offense-level enhancements for the number of victims, the sophistication of the crime, the possession or use of device-making equipment, and the amount of loss either were duplicative, or resulted in a guidelines range that overstated the impact of his crime. In addition, before imposing the sentence, the district court acknowledged defense counsel's arguments concerning Chen's youth and background, and discussed pertinent sentencing factors, including the seriousness of the crime, the fact that Chen was not truthful during grand jury proceedings, and the need to protect the public and promote deterrence. Under the circumstances, Chen's assertion that the district court failed to give proper weight to his youth and background is insufficient to overcome the presumption that his within-guidelines sentence was reasonable.

We affirm the district court's judgments.