NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0437n.06

**Case No. 13-1923**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Jun 16, 2014<br>DEBORAH S. HUNT, Clerk |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| JANISE HENRY, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | **O P I N I O N** |

BEFORE: BOGGS, COLE, and McKEAGUE, Circuit Judges.

**McKEAGUE, Circuit Judge.** Janise Henry and thirteen co-defendants were indicted on charges of conspiracy to possess controlled substances with intent to distribute (count I), and unlawful use of a communication facility (count II). Henry pled not guilty and a jury found her guilty on both counts. She was sentenced to 108 months in prison on count I and 48 months on count II, to be served concurrently. In this appeal, Henry challenges her conviction and sentence on count I only. We affirm.

**I**

In October of 2010, the FBI began investigating drug-trafficking activities at 2969 Alter Road in Detroit, Michigan. Later, the FBI expanded its investigation to five other connected drug-trafficking locations, including one a few blocks up the road at 1501 Alter Road. Henry

lived at 1501 Alter Road with her boyfriend and co-defendant Martell Collins. She also sold drugs, assisted with drug trafficking, and communicated with Martell Collins about selling drugs at 1501 Alter Road. Additionally, when certain drugs were not available at 2969 Alter Road, buyers would be sent to Henry or Martell Collins at 1501 Alter Road for those drugs. The FBI's investigation and surveillance of the houses revealed that fourteen people were extensively involved in the drug-trafficking operation.

On April 4, 2012, the FBI executed a search warrant at 1501 Alter Road and found Henry on the couch with heroin, Xanax, Vicodin, a drug scale, and a rifle within reaching distance. The FBI also found a handgun, ammunition, and a large portion of heroin in the bedroom. On June 27, 2012, Henry and the thirteen co-defendants were indicted by a grand jury and charged with conspiring to possess and distribute various controlled substances in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(c). All thirteen co-defendants pled guilty, while Henry pled not guilty and went to trial.

At trial, the defense asserted a multiple-conspiracy theory, arguing that Henry was only involved in a conspiracy with Martell Collins and not part of the larger fourteen-person conspiracy. Henry did not testify. The defense argued that because the evidence showed that Henry only sold drugs at 1501 Alter Road and only worked with Martell Collins, she should not be found guilty of involvement in the fourteen-person conspiracy. The government contended that the evidence was sufficient to prove that Henry contributed to the "common enterprise" of the fourteen-person conspiracy.

During jury deliberations, the jury asked the court by written note if it was "necessary for the jury to determine that the defendant conspired with the 13 others or is it necessary to determine that the defendant conspired with at least one other person." R. 245, Trial Tr. at 7,

Page ID 1641. In responding, the court circled the words "conspired with at least one other person" and wrote the word "yes" on the returned note. The defense objected to the answer, arguing that its phrasing destroyed the multiple-conspiracy argument and misstated the law. Instead, the defense recommended that the court respond by stating that Henry "has to conspire with one other person in the conspiracy charged." The court declined to give this preferred instruction.

The jury then found Henry guilty. At sentencing, the court determined that Henry's offense level was 32 and criminal history category was II, yielding an advisory guideline range of 135 to 168 months' imprisonment. After considering the factors prescribed at 18 U.S.C. § 3553(a), the court sentenced Henry to 108 months on count I. Among all the co-conspirators, Henry's sentence was the longest, almost twice as long as Martell Collins's sentence. Although Henry received a harsher punishment than her co-conspirators, she was the only member of the fourteen-person conspiracy who refused to take responsibility for her involvement by pleading guilty. This appeal followed.

## II

Henry appeals her conviction and sentence for conspiracy to possess controlled substances with intent to distribute. She contends (1) that there was insufficient evidence to support the jury's verdict on count I, (2) that the court erred in answering a jury question, and (3) that her sentence is procedurally and substantively unreasonable. We address each claim in turn.

### A. Sufficiency of Evidence

When reviewing the sufficiency of the evidence supporting a jury verdict, we view the evidence "in the light most favorable to the prosecution," and assess whether "any rational trier

of fact could have found the essential elements of the crime beyond a reasonable doubt." *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). To establish the essential elements of a drug conspiracy "the government must prove beyond a reasonable doubt: (1) an agreement to violate drug laws; (2) knowledge of and intent to join the conspiracy; and (3) participation in the conspiracy." *United States v. Gunter*, 551 F.3d 472, 482 (6th Cir. 2009). These elements may be shown by either direct or circumstantial evidence. *Id.* "The government need not prove the existence of a formal or express agreement among the conspirators; a tacit or mutual understanding is sufficient, so long as the agreement is proven beyond a reasonable doubt." *Id.*

Henry admits to being part of a conspiracy with Martell Collins but maintains there was insufficient evidence for a jury to convict her of being part of the broader fourteen-person conspiracy because she was only involved in drug sales at 1501 Alter Road with Martell Collins.

To prove the existence of a single conspiracy, "the government need only show that each alleged conspirator had knowledge of and agreed to participate in what he knew to be a collective venture directed toward a common goal." *United States v. Robinson*, 547 F.3d 632, 642 (6th Cir. 2008) (quoting *United States v. Smith*, 320 F.3d 647, 653 (6th Cir. 2003)). It is not necessary for each conspirator "to participate in every phase of the criminal venture, provided there is assent to contribute to a common enterprise." *United States v. Gardiner*, 463 F.3d 445, 457 (6th Cir. 2006) (quoting *United States v. Hughes*, 895 F.2d 1135, 1140 (6th Cir. 1990)). "[A] single conspiracy does not become multiple conspiracies simply because each member of the conspiracy did not know every other member, or because each member did not know of or become involved in all of the activities in furtherance of the conspiracy." *Robinson*, 547 F.3d at 642 (quoting *United States v. Warner*, 690 F.2d 545, 549 (6th Cir. 1982)).

Sufficient evidence was presented to warrant a reasonable jury finding that Henry was guilty of involvement in the charged conspiracy. At trial, the jury heard evidence that Henry sold drugs at 1501 Alter Road and frequently communicated with Martell Collins about selling drugs. Scott Herzog, a member of the FBI Violent Crime Task Force, testified that during a seven-week period, there were sixty phone calls between Martell Collins and Henry discussing drug transactions, clients, drug pick-ups, and drug money.

Most damaging to Henry's argument, evidence was presented that occupants of houses involved in the drug network would refer clients to other houses within the network. When referring to the FBI wiretaps, Herzog said there were "a lot of conversation[s] that backed up that if you could not get pills at 2969 you could easily go down to 1501." R. 242, Trial Tr. at 39, Page ID 1101. Amir Collins, a cousin of Martell Collins and a co-conspirator, corroborated Herzog's testimony by testifying that Henry would come to 2969 Alter Road with Martell Collins, and if someone came to 1501 Alter Road looking for a certain drug that was not there, the buyer would be referred to 2969 Alter Road. Additionally, the jury heard that Henry would come to 2969 Alter Road to pick up drugs.

Although Henry did not participate in all aspects of the conspiracy, there was ample evidence to justify a jury finding that Henry agreed to participate in a collective venture directed toward a common goal. Evidence of Henry's desire to profit from the drug network was presented to the jury, tending to show that obtaining money was the primary purpose both of Henry's actions and the overall drug conspiracy. Her goal was thus furthered by her cooperation with Martell Collins and others in the conspiracy.

Taken together and viewed in the light most favorable to the prosecution, the evidence is clearly sufficient to support a rational jury finding that Henry agreed to participate and

participated in the charged conspiracy. The evidence of house-to-house referrals provides more than enough evidence to demonstrate that the occupants of each house were connected to the same drug conspiracy. Henry visited 2969 Alter Road, knowingly received drugs from 2969 Alter Road, referred buyers to 2969 Alter Road, and profited from the drug conspiracy's "collective venture." The jury's verdict is supported by sufficient evidence.

## B. Jury Instruction Error

Henry contends that the district court's answer to a jury question was misleading and amounted to reversible error. We review for abuse of discretion. *United States v. Hart*, 635 F.3d 850, 854 (6th Cir. 2011). The jury instructions are viewed "as a whole to determine if they adequately inform the jury of the relevant considerations and provide a basis in law for aiding the jury in reaching its decision." *Id.* (quoting *United States v. Blackwell*, 459 F.3d 739, 764 (6th Cir. 2006)). "A trial court's refusal to give a requested jury instruction is reversible error only if the instruction is (1) correct, (2) not substantially covered by the actual jury charge, and (3) so important that failure to give it substantially impairs [the] defendant's defense." *Hart*, 635 F.3d at 854 (quoting *United States v. Heath*, 525 F.3d 451, 456 (6th Cir. 2008) (alteration in original)).

While the jury deliberated, it submitted a written note asking the court if it was "necessary for the jury to determine that the defendant conspired with the 13 others or is it necessary to determine that the defendant conspired with at least one other person." R. 245, Trial Tr. at 7, Page ID 1641. Over Henry's objection, the court circled the words "conspired with at least one other person" and wrote the word "yes" on the returned note. Henry contends the answer destroyed her multiple-conspiracy theory. Yet Henry concedes that the jury was instructed on a multiple-conspiracy defense.

The court's answer was a correct statement of the law. The government needed to show only that Henry agreed to conspire with one other in order to establish involvement in the charged conspiracy, so long as the other elements of the offense, discussed above, were met. Thus, the jury instructions, taken as a whole, adequately informed the jury of the legal basis to form its decision because the jury was fully instructed on Henry's multiple-conspiracy defense and the answer to the jury's question was not misleading. Henry's multiple-conspiracy theory was not unfairly undermined by the succinct but correct statement of law provided in the court's answer.

Thus, while the answer Henry preferred was a not an incorrect statement of the law, her multiple-conspiracy theory was adequately covered in other instructions and the given answer did not substantially impair her defense. Accordingly, we find no abuse of discretion in the district court's failure to give Henry's preferred answer.

### C. Unreasonable Sentence

Henry challenges her sentence, contending that it is procedurally and substantively unreasonable. She claims the court miscalculated the drug quantity attributed to her, improperly declined to grant a minor-role reduction, and failed to adequately consider the sentencing factors set forth at 18 U.S.C. § 3553(a). We review for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 46 (2007); *see also United States v. Carter*, 510 F.3d 593, 600 (6th Cir. 2007). A sentence within the advisory sentencing guidelines range is presumptively reasonable. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

### 1. *Procedurally Unreasonable*

A sentencing court will be found to have abused its discretion and imposed a procedurally unreasonable sentence if it miscalculated the applicable guidelines range, failed to

consider the § 3553(a) factors, or based the sentence on clearly erroneous facts. *United States v. Adkins*, 729 F.3d 559, 563 (6th Cir. 2013). Here, the district court determined Henry's offense level to be 32 because the offense involved an equivalent of more than 1,000 but less than 3,000 kilograms of marijuana. Criminal history category II was applied because Henry had two prior convictions: one for larceny in 2002 and one for operating a motor vehicle while impaired in 2012. The resulting advisory guidelines range was 135 to 168 months.

During sentencing, Henry argued the amount of drugs attributed to her overstated her actual culpability because she was not involved in the first year of the conspiracy and Martel Collins controlled the amount of drugs she sold. She argued that she was entitled to an offense-level reduction under U.S.S.G. § 3B1.2 for her relatively minor role in the charged conspiracy. The court dismissed the argument, finding that the drug-quantity calculation, based on drug trafficking during a five-week period well within the time of Henry's involvement, was adequately supported. The court refused to grant Henry's request for a minor-role reduction because the trial proofs conclusively showed that Henry was "much more involved" than the defense acknowledged.

A role reduction may be granted to a defendant who plays a minor or minimal role. U.S.S.G. § 3B1.2. We review a district court's denial of a role reduction for clear error. *United States v. Lanham*, 617 F.3d 873, 888 (6th Cir. 2010). "The salient issue is the role the defendant played in relation to the activity for which the court held him or her accountable." *United States v. Salgado*, 250 F.3d 438, 458 (6th Cir. 2001) (quoting *United States v. Roper*, 135 F.3d 430, 434 (6th Cir. 1998)).

The district court's factual assessment of the extent of Henry's involvement has not been shown to be clearly erroneous. The court stated that "the testimony in this particular matter at

listening to it showed that she was much more involved than just his girlfriend or his person to hand somebody something." R. 246, Sent. Tr. at 4, Page ID 1655. Henry's participation was more than minor or minimal. Henry sold drugs, picked up drugs, referred clients to other houses, and profited from drug sales. There was considerable evidence justifying the court's denial of the role reduction and the sentence has not been shown to be procedurally unreasonable on this ground.

### 2. *Substantively Unreasonable*

Henry argues that her sentence, albeit well below the low end of the applicable guidelines range, is substantively unreasonable and "greater than necessary" to achieve the goals of sentencing because the court failed to consider several relevant § 3553(a) factors. The sentence may be considered substantively unreasonable if the district court is shown to have imposed the sentence arbitrarily, based it on impermissible factors, or unreasonably weighed a pertinent factor. *Adkins*, 729 F.3d at 563. A sentence falling within a correctly calculated advisory guidelines range is subject to a rebuttable presumption that it is substantively reasonable. *Id.* at 564. To succeed on a claim that a below-guidelines sentence is substantively unreasonable, a defendant must therefore bear a heavy, even more demanding burden. *United States v. Greco*, 734 F.3d 441, 450 (6th Cir. 2013).

Henry claims the sentence was substantively unreasonable because the district court failed to take into account her history, her children, the circumstances of her offense, and the need to avoid disparities in sentencing. The argument fails because the district court's weighing of sentencing factors is adequately explained in the record.

The district court commenced the sentencing hearing by acknowledging that it had reviewed the presentence report and the parties' sentencing memoranda. From the presentencing

report, the court learned that Henry was thirty-six years old at the time of sentencing; was the mother of eight children; had reported mental-health problems that started with hallucinations at the age of ten; had a current mental-health diagnosis of schizoaffective disorder, causing hallucinations, paranoia, persecutory ideation, and poor insight/judgment; and had taken and abused prescription pain medications. Henry denied being addicted and denied needing substance-abuse counseling. It was against this backdrop that the district court considered the same arguments that Henry now makes on appeal.

Henry contends the court did not consider the welfare of her children in sentencing her to prison. Yet the court clearly considered Henry's abuse of drugs to have so diminished her capacity to care for her children as to have rendered her "a danger both to herself and probably to her children." R. 246, Sent. Tr. at 16–18, Page ID 1667–69. For this reason the court gave considerable weight to Henry's need for rehabilitation and treatment, observing that "she has to start detoxing right away." *Id.*

Henry contends the court failed to adequately consider her relatively minor role in the conspiracy and the need to avoid unwarranted sentencing disparities. She emphasizes that other co-conspirators received prison sentences of shorter duration than hers. As explained above, the district court relied on its familiarity with the trial evidence in denying Henry's request for a minor-role adjustment. The court's assessment of Henry's involvement has not been shown to be clearly erroneous. Nor can we find that the court unreasonably weighed this factor in imposing sentence. The court acknowledged that Henry's sentence was greater than those received by other co-conspirators. Recognizing the importance of proportionality in sentencing, the court reasoned that because Henry was "in total denial," she was not entitled to the same "break" as those who admitted their responsibility and expressed remorse. R. 246, Sent. Tr. at

15, Page ID 1666. Hence, the fact that her sentence was longer than those received by her co-defendants was appropriately deemed warranted by Henry's refusal to accept responsibility for her wrongdoing. *See United States v. Conatser*, 514 F.3d 508, 522 (6th Cir. 2008) (recognizing that a co-defendant's decision to plead guilty and cooperate with the government is a valid reason for a disparate sentence).

Further, we note that § 3553(a)(6), requiring the sentencing court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," refers to "national sentencing disparities rather than sentencing disparities among co-defendants." *United States v. Peppel*, 707 F.3d 627, 638 (6th Cir. 2013). Considering that a fundamental purpose of the Sentencing Guidelines is to promote and maintain national uniformity in sentences, the properly calculated advisory guidelines range may be deemed to represent the best indication of national sentencing practice. *United States v. Houston*, 529 F.3d 743, 752 (6th Cir. 2008). Henry's sentence, 27 months *below* the low end of the applicable guidelines range, appears to be disparate from, but not overly severe in comparison with, the national standard. Clearly, Henry does not mean to challenge this lenient variance as unreasonable. Nor are we persuaded that it is an unwarranted disparity under the facts of this case.

Accordingly, the district court did not abuse its discretion and the court's weighing of § 3553(a) factors did not result in a substantively unreasonable sentence. Henry has failed to carry her heavy burden of showing that her sentence of 108 months, well below the advisory guidelines range of 135 to 168 months, is substantively unreasonable.

**III**

Having thus duly considered Henry's claims of error and finding no error, we **AFFIRM**

the judgment of the district court.