NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0139n.06

No. 16-5139

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Mar 03, 2017 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| JUAN ALBERTO ROBLES ZAVALA, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**BEFORE: KEITH, ROGERS, and KETHLEDGE, Circuit Judges.**

**DAMON J. KEITH, Circuit Judge.** Juan Alberto Robles Zavala ("Zavala") appeals his conviction for attempting to induce a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b). Zavala argues that: (1) the evidence was insufficient to support his conviction; (2) the district court improperly instructed the jury; and (3) the district court abused its discretion by allowing testimony concerning unrelated undercover investigations. We **AFFIRM**.

## I.    BACKGROUND

Zavala was a paid subscriber of GetItOn.com, an adult sexual website. On October 13, 2014, Zavala sent a message to KelliWilliams ("Kelli"), another profile on the website KelliWilliams' profile stated that Kelli needed "a teacher for taboo" and was "[l]ooking for an experienced dom wanting to train." The profile stated, "I have myself and a younger version of me." Kelli responded to Zavala by providing her e-mail address, which he contacted on October

18, 2014. Zavala asked Kelli whether she thought the relationship would work, to which she replied, "If you are wanting to train my little me." Kelli explained that her "little me" is "younger and curious" and "almost a mirror image of [Kelli] at her age." On November 21, 2014, Kelli explained that she was "looking discreetly for someone for [her] daughter . . . she has become interested in sex . . . ." On November 13, 2014, Kelli asked Zavala "how low" he goes, and on November 23, 2014, Zavala replied, "age is not [a] problem if > 12 and you are present and support the situation." In another e-mail, Zavala stated that he "also know[s] about legal risks" but that he was "building trust." Kelli sent Zavala a picture of her daughter, "Amy," to which Zavala replied, "[s]he is really beautiful, her eyes and smile are capturing my mind!" Zavala also began sending messages for Amy to Kelli, and explained what he wanted to do with Amy, sexually. Zavala scheduled a date and time to meet Kelli and her daughter at a hotel, and to engage in sexual activity with Amy. Unbeknownst to Zavala, undercover law enforcement agents maintained the KelliWilliams profile. Thus, when Zavala went to the hotel to meet with Kelli and Amy, agents promptly arrested him for attempting to induce a minor to engage in sexual activity. Zavala waived his *Miranda* rights and told agents that he knew "that it's not right . . . to have sex with a child."

At trial, the government asked the undercover officers questions concerning other investigations they conducted on GetItOn.com. Over defense counsel's objection, the jury heard that at least fifteen individuals had contacted the KelliWilliams profile on GetItOn.com since it was posted. An officer testified that once Kelli disclosed that her "little me" was twelve years old, some would say "that's too young. That's illegal, and I want nothing to do with it." The officer testified that she would then cease communication. Over defense counsel's objection, another officer testified that once an individual has communicated with a minor about sex,

investigators want to get him or her to "a particular location . . . [because] you can certainly determine if that individual had the intent to have sex with that child, if they show up at the appointed place with condoms in their pocket, et cetera."

Zavala testified on his own behalf. Zavala told the jury that he believed Amy was a real twelve-year-old girl until November 30, 2014, when he started to believe that Kelli was role-playing the part of the minor child.

The district court instructed the jury that it was to find whether the government proved beyond a reasonable doubt the following:

> First, that the defendant knowingly used a means or facility of interstate or foreign commerce; that is, the Internet, [facsimile] or telephone, a computer, or e-mail to attempt to persuade, induce, or entice an individual under the age of 18 years to engage in unlawful sexual activity.
> Second, that the defendant believed the individual was under – under the age of 18.
> Third, that if sexual activity had occurred the defendant could have been charged with a criminal offense under state law.
> Fourth. That the defendant did some overt act that was a substantial step towards committing the crime of using interstate commerce to entice the minor to engage in unlawful sexual activity.

The jury convicted Zavala as charged, and he was sentenced to 120 months' imprisonment. Zavala timely appealed. Zavala argues that the evidence was insufficient to convict him, that the district court's jury instruction was erroneous, and that the district court abused its discretion when it allowed the officers' testimony regarding other investigations.

## II.     DISCUSSION

### A.     Sufficiency of the Evidence

We review a challenge to the sufficiency of evidence de novo. *United States v. Owens*, 426 F.3d 800, 808 (6th Cir. 2005) (citation omitted). However, we view "the evidence in the light most favorable to the prosecution." *Id.* "Indeed, a defendant bears a very heavy burden

when he challenges the sufficiency of the evidence, lest the matter of his guilt be re-litigated." *Id.* (internal marks and citation omitted).

### 1. Adult intermediary

Zavala argues that to be convicted under § 2422(b), he must have enticed an actual minor. Zavala argues that, because he engaged in conversation with adults pretending to be a minor, and not an actual minor, his conviction cannot stand. Our precedent forecloses this argument. In *United States v. Roman*, 795 F.3d 511, 516 (6th Cir. 2015), we held that "a defendant violates § 2422(b) by communicating only with an adult intermediary if the defendant's communications with that intermediary are *intended* to persuade, induce, entice, or coerce the minor child's assent to engage in prohibited sexual activity." *Id.* (emphasis added) (citations omitted). Further, "[t]he crime is complete when the defendant both intends to persuade the minor child to assent to sexual activity and the defendant takes a substantial step toward completing the crime—for example, by engaging in communications with an adult intermediary who can exert influence to help achieve the child's assent." *Id.* As we have stated, "Congress has made a clear choice to criminalize persuasion and the attempt to persuade." *Id.* (citation omitted). The record establishes that Zavala intended to communicate with an adult intermediary who disclosed that she would influence a minor child to have sexual relations with him. The record establishes that Zavala sent communications of a sexual nature to the person he believed to be the minor child, establishing his intent when he used the adult intermediary. Thus, there was sufficient evidence to determine that Zavala's communications to the intermediary were intended to induce and entice a minor to engage in prohibited conduct. Accordingly, the evidence was sufficient to support Zavala's conviction.

## 2. Entrapment

Zavala argues that the undercover officers entrapped him and the evidence was insufficient to show otherwise. "The defense of entrapment has two elements: (1) government inducement of the crime, and (2) the defendant's lack of predisposition to engage in the criminal activity." *United States v. Poulsen*, 655 F.3d 492, 502 (6th Cir. 2011) (citation omitted). When a defendant is predisposed to commit an offense, he is not entitled to argue the defense of entrapment. *See United States v. Al-Cholan*, 610 F.3d 945, 950-51 (6th Cir. 2010) ("[Defendant's] entrapment defense fails because the evidence incontrovertibly establishes that he was predisposed to commit the offense."). Zavala fails to argue how he lacked the predisposition to commit the offense, resting on an argument that the government induced the crime, and thus failing to make a showing of the second requisite element of entrapment.

The evidence is sufficient to prove that Zavala was predisposed to commit the offense. Zavala's messages to the adult intermediary illustrate that he was ready and willing to commit the offense. Further, Zavala first initiated contact with the adult intermediary after reading her posting that she wanted someone to "help train [her] 'little me.'" Zavala specifically stated that "age is not [a] problem if >12 and you are present," and he did so prior to believing Kelli was engaging in role-play. Additionally, when Kelli sent Zavala a photograph of the young girl, he continued to discuss having sexual relations with her. Viewing the evidence in a light most favorable to the government, the evidence was more than sufficient to prove that Zavala was predisposed to commit the crime, and the government had not entrapped him. The evidence was sufficient to support Zavala's conviction.

### B.    Jury Instruction

Zavala argues that the district court erred by instructing the jury that a conviction was warranted if they were to find that he "believed" the individual was under the age of eighteen, rather than requiring them to find that the individual was in fact under the age of eighteen. Zavala argues that the statute does not include the word "believed" and thus the jury instruction was erroneous. "This Court reviews challenges to jury instructions for abuse of discretion." *United States v. Kuehne*, 547 F.3d 667, 679 (6th Cir. 2008) (citation omitted). "When jury instructions are claimed to be erroneous, we review the instructions as a whole, in order to determine whether they adequately informed the jury of the relevant considerations and provided a basis in law for aiding the jury in reaching its decision." *Id.* (citation omitted). As this court explained in *Roman*, "the focus [under § 2422(b)] always remains on the defendant's subjective intent because the statute is 'designed to protect children from the act of solicitation itself.'" *Roman*, 795 F.3d at 516 (citation omitted). Further, "[w]e have held that the statute is violated even if the targeted minor is not a real person as long as the defendant demonstrates that he is, or is attempting to, persuade, induce, entice, or coerce the minor to engage in sexual activity." *Id.* Because the instructions adequately informed the jury of the relevant considerations, the district court did not abuse its discretion when it provided those instructions.

### C.    Prior Investigation Testimony

Lastly, Zavala argues that the district court erred in allowing police testimony regarding interactions with other suspects in unrelated cases. Zavala states that the evidence was more prejudicial than probative and was irrelevant testimony that should have been excluded. "We review for abuse of discretion the district court's evidentiary rulings." *United States v. Wagner*, 382 F.3d 598, 616 (6th Cir. 2004). "[R]eversal is appropriate only if the abuse of discretion was

not harmless error, that is, only if the erroneous evidentiary ruling affected the outcome of the trial." *United States v. Marrero*, 651 F.3d 453, 471 (6th Cir. 2011) (internal marks and citation omitted). Zavala does not argue on appeal how the evidence prejudiced him. Even assuming the district court abused its discretion in admitting this testimony, the testimony did not affect the outcome at trial. Zavala testified that, until November 30, 2014, he believed that Amy was a twelve-year-old girl. Further, Zavala testified that he knew that he "did wrong at following this communication" when he knew it "involve[d] a child." Thus, given Zavala's own admissions to the jury, any alleged error was harmless.

### III.    CONCLUSION

For the foregoing reasons, the evidence was sufficient to support Zavala's conviction, the jury instructions were not erroneous, and any officer testimony at trial did not prejudice the outcome at trial. Accordingly, we **AFFIRM**.