RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 19a0287p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

No. 19-3162

JOHN CHARLES FORTNER,

*Defendant-Appellant*.

———————————

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 2:17-cr-00243-1—Michael H. Watson, District Judge.

Decided and Filed:  November 25, 2019

Before:  SUTTON, NALBANDIAN, and READLER, Circuit Judges.

———————————

## COUNSEL

**ON BRIEF:**  Kevin M. Schad, FEDERAL PUBLIC DEFENDER, Cincinnati, Ohio, for Appellant.  Kimberly Robinson, UNITED STATES ATTORNEY'S OFFICE, Columbus, Ohio, for Appellee.

———————————

## OPINION

———————————

SUTTON, Circuit Judge.  The government charged John Charles Fortner with (1) attempting to coerce a minor into illegal sexual activity and (2) violating a provision that adds ten years to a defendant's sentence if he is required to register as a sex offender and commits certain federal offenses involving a minor.  Fortner pleaded guilty to the first count.  He moved to dismiss the other charge on the ground that his underlying offense did not "involve a minor"

because it concerned an attempt crime that did not involve real children. The district court disagreed. Because the court correctly interpreted the statute, we affirm.

On August 5, 2017, an undercover FBI agent working with the Bureau's Cyber Crimes Task Force posted an ad on Craigslist. Posing as a mother of three children, the officer advertised that she wanted to talk about "taboo" subjects with an "open-minded" counterpart. ROA 15 at 5. John Charles Fortner sent the agent an e-mail asking if he could have sex with her children. Fortner assured the officer that he was the "furthest from being a cop." *Id.* He also asked the agent if she could put him in touch with others who would be open to similar conduct. The agent gave Fortner the contact details for another undercover officer. He contacted the other officer that day and asked whether he could engage in sexual activity with the officer's daughter.

Fortner and the two officers communicated regularly for the next few weeks. He sent them links to child pornography and asked graphic questions about what he could do with their children. Fortner also requested photographs of one officer's child. The officer sent a photo of her undercover persona instead. Fortner, appreciative and confident, replied "[c]ool, you don't look too much like a cop, lol." *Id.* at 7.

As his bond with the "parents" grew, Fortner asked to meet in person and to meet the children. After working out some logistics, Fortner and one officer agreed to meet at a restaurant. If the introductions went well, the officer promised, Fortner could take things further. On August 21, the officer picked Fortner up from a gas station. At the restaurant, the officer and Fortner discussed his criminal past (two prior convictions related to child sex abuse) and what he could do with the officer's child. After Fortner confirmed that he wanted to engage in sexual conduct with the child, the officer arrested him.

The government charged Fortner with two counts: attempting to coerce a minor and committing a felony offense involving a minor while required to register as a sex offender. 18 U.S.C. §§ 2422(b), 2260A. Fortner moved to dismiss the second count, arguing that he did not commit an offense involving a minor because the children he sought to coerce were not real children. The district court denied the motion.

This appeal presents a straightforward question:  Does a sex offender commit an "offense involving a minor" if, in the course of a sting operation, he attempts to commit a sex crime with a pretend child?  We think he does.

Start with the text.  "Whoever," it says, "being required by Federal or other law to register as a sex offender, commits a felony offense involving a minor under [a specified federal offense], shall be sentenced to a term of imprisonment of 10 years."  *Id.* § 2260A.  The enhancement has two threshold requirements, and Fortner meets both of them.  He committed one of the enumerated offenses, here attempted solicitation of a minor.  *Id.* § 2422(b).  And he committed the offense while required to register as a sex offender.

The statute, it is true, also has a limiting qualification—that the underlying crime must "involv[e] a minor."  But the import of that phrase is to ensure that the enhancement covers convictions involving minors, sifting convictions that always involve minors, *see, e.g.*, 18 U.S.C. § 2251 (sexual exploitation of children), from convictions that may or may not involve minors, *see, e.g.*, 18 U.S.C. § 2421 (sex trafficking); 18 U.S.C. § 1201 (kidnapping).  The phrase did not purport to eliminate all attempt crimes, as the reach-extending term "involve" suggests.  A conviction arising from an attempt to have sex with a minor "involves" a minor no matter whether it arose from a sting operation (as here) or it related to a real child.

A closer look at § 2422(b), the provision Fortner violated, points in the same direction.  To commit the offense, a defendant must knowingly (the mental state), persuade, induce, entice, or coerce (the action), any individual who has not attained the age of 18 years (the intended victim), to engage in prostitution or other criminalized sexual activity (another action).  A defendant also violates this provision if he "attempts" to engage in this behavior, *id.*, coverage that extends to attempts that involve purported but non-existent children.  *See United States v. Roman*, 795 F.3d 511, 516 (6th Cir. 2015).  To attempt this conduct, a defendant must have the requisite mental state and take a "substantial step" towards completing the offense, whether the targeted child is real or not.  *See United States v. Wesley*, 417 F.3d 612, 618 (6th Cir. 2005).  Attempt convictions under the statute thus often extend to individuals who try to persuade undercover agents posing as children (or posing as having access to children) to engage in sexual conduct.  *Roman*, 795 F.3d at 516.  Even though the perpetrator fails to engage in all of the

conduct needed to complete the offense, he still violates the attempt prohibition. *Id.*; *see, e.g.*, *United States v. Hughes*, 632 F.3d 956, 958 (6th Cir. 2011). Because this crime always involves a minor, convictions under it always lead to the enhancement if the defendant commits the offense while under a reporting requirement.

Cementing this conclusion, a neighboring statute distinguishes crimes that involve "actual minors" from those that do not. *See* 18 U.S.C. § 2252A(a)(3)(B)(ii), (c)(2), (e). Section 2252A prohibits a person from knowingly advertising material that contains visual depictions of "an actual minor engaging in sexually explicit conduct." *Id.* § 2252A(a)(3)(B)(ii). The same provision also allows defendants charged under certain subsections to raise the affirmative defense that "the alleged child pornography was not produced using an actual minor or minors." *Id.* § 2252A(c)(2). Because Congress enacted these provisions before it enacted § 2260A, Pub. L. No. 108-21 §§ 502, 503, 120 Stat. 625 (2003); Pub. L. No. 109-248, § 702, 120 Stat. 648 (2006), it had the option to, but chose not to, distinguish offenses that involved "actual minors." Section 2256(8) points in the same direction. It defines an "identifiable minor" separately from "a minor," showing once again that Congress understood the difference between crimes that involve real children and those that do not and understood the difference between attempt crimes and completed crimes. 18 U.S.C. § 2256(8); *cf. BFP v. Resolution Tr. Corp.*, 511 U.S. 531, 537 (1994).

The only other circuit court to address the question reached a similar conclusion. The Eleventh Circuit held that a defendant committed a federal offense involving a minor when he attempted to coerce a fictitious child to engage in sexual activity. *United States v. Slaughter*, 708 F.3d 1208, 1214–16 (11th Cir. 2013). The court reasoned that § 2422(b) permits the government to convict a defendant who attempts to coerce a minor on the "mere belief that a minor was involved." *Id.* at 1215. And it saw nothing in "the plain language of § 2260A that negates the plain language of § 2422(b)." *Id.* That left one possible conclusion: "[A] violation of § 2260A [does not] require the involvement of an actual minor." *Id.*

Gauged by this interpretation of § 2260A, Fortner loses. The statute incorporates attempt offenses involving minors. Fortner's attempt involved a minor because the intended victim of the offense was a child. Absent Fortner's decision to target minors, the government could not convict him under § 2422(b). Fortner knowingly tried to coerce minors into illegal sexual activity and took "substantial steps" toward completing the crime. That's a federal offense and an offense "involving a minor."

Fortner questions how a conviction can involve a non-existent child and still be a crime "involving a minor." But context is everything in interpretation. As a matter of general statutory context, the statute incorporates many "attempt" crimes in the sixteen enumerated offenses, which means real victims of any sort frequently are not needed. *See, e.g.*, 18 U.S.C. §§ 2251(e), 2423(e). As a matter of specific statutory context, laws designed to root out child predation frequently cover attempt crimes against non-existing children precisely to avoid completed crimes against existing children. *See, e.g.*, *Slaughter*, 708 F.3d at 1216; *United States v. Cunningham*, 191 F. App'x 670, 671–72 (10th Cir. 2006); *United States v. Rhodes*, 253 F.3d 800, 802–03 (5th Cir. 2001). Once one comes to grips with the possibility for—the need for—attempt crimes in this area, there is nothing linguistically unusual about calling an unsuccessful attempt to abuse a minor a crime that involves a minor.

Nor does this interpretation render "involving a minor" superfluous. The phrase still has plenty of work to do. It limits § 2260A's ten-year sentencing increase to those registered sex offenders who target minors. Offenders who target adults, like some kidnappers and like some sex traffickers, do not suffer the same consequence. Congress understandably singled out sex offenders who prey on children for additional punishment.

What we have said already explains why § 2260A is not unconstitutionally vague and why the rule of lenity has no role to play. It's hard to take seriously the idea that Fortner, or someone in his situation, would not appreciate the risks that came with this conduct given this statutory landscape. He acknowledges that the attempt statute plainly barred his conduct. And § 2260A incorporates that statute, including its attempt prohibitions. Fortner, it is true, may not have known that his conduct would violate this provision. But "ignorance of the law is no defense." *United States v. Int'l Minerals & Chem. Corp.*, 402 U.S. 558, 563 (1971). The rule of

lenity comes into view when, after considering all available sources, the court is left in equipoise. *Barber v. Thomas*, 560 U.S. 474, 488 (2010). That is not this case.

We affirm.