**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10262 |
| *Plaintiff-Appellee*, | D.C. Nos.<br>1:19-cr-00080-<br>LEK-1 |
| v. | 1:19-cr-00080-<br>LEK |
| NOEL MACAPAGAL, | |
| *Defendant-Appellant*. | OPINION |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted October 13, 2022
Honolulu, Hawaii

Filed December 28, 2022

Before: Mary M. Schroeder, Johnnie B. Rawlinson, and
Daniel A. Bress, Circuit Judges.

Opinion by Judge Schroeder

# SUMMARY[*]

## Criminal Law

The panel affirmed Noel Macapagal's conviction for attempted enticement of a child by means of interstate commerce in violation of 18 U.S.C. § 2422(b), but remanded for the district court to narrow a special condition of supervised release on computer possession and use.

The indictment arose from a sting operation in which a federal agent, using internet and telephone communications, posed as a mother who wanted Macapagal to help her three daughters "find their womanhood."

Challenging the use of an adult intermediary for his communications, Macapagal contended that § 2422(b) required the government to prove direct communication with someone he believed to be a minor. Noting that no circuit has agreed with Macapagal's position, the panel took the opportunity to stress that so long as the government proves the defendant's intent was to obtain sex with a minor, it does not matter that the phone or internet communications occurred only between the defendant and the adult intermediary.

The panel rejected Macapagal's contention that the government improperly relied on evidence that Macapagal arrived at the anticipated rendezvous with children's gift bags

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

and sex toys. The panel wrote that the government permissibly relied on this evidence in order to refute Macapagal's contention that he lacked the intent that his internet and phone communications would lead to any actual sexual encounter; and that the evidence was a crucial part of the attempt charge for which the government was required to show both an intent to commit the substantive offense of enticement and a substantial step toward its commission.

Regarding Macapagal's claim that the government presented an invalid legal theory to the jury by arguing that Macapagal could be convicted of violating § 2422(b) based only, or primarily, on his in-person activities at the house, the panel wrote that, considering the record as a whole, the government did not convey an improper theory nor claim that Macapagal's online activities were inessential or irrelevant.

The panel held that the evidence was more than sufficient to support the verdict. The panel held that the district court, properly focusing on Macapagal's intent, correctly instructed the jury that the minor's willingness to engage in sexual activity is irrelevant. The panel held that the district court did not abuse its discretion in permitting agents' testimony explaining sexual terms and acronyms used in communications with Macapagal.

Guided by *United States v. Wells*, 29 F.4th 580 (9th Cir. 2022), the panel concluded that a special condition of supervised release limiting Macapagal's possession and use of computers is unconstitutionally overbroad, and remanded for the district court to narrow that condition. The panel held that the district court did not plainly err in imposing a special condition limiting Macapagal's internet access.

**COUNSEL**

Maximilian J. Mizono (argued), Assistant Federal Defender; Salina M. Kanai, Federal Public Defender, Office of the Federal Public Defender, Honolulu, Hawaii; for Defendant-Appellant.

Rebecca A. Perlmutter (argued), Assistant United States Attorney; Marion Percell; Clare E. Connors, United States Attorney; United States Attorney's Office, Honolulu, Hawaii; for Plaintiff-Appellee.

**OPINION**

SCHROEDER, Circuit Judge:

Noel Macapagal appeals his conviction and sentence for attempted enticement of a child by means of interstate commerce in violation of 18 U.S.C. § 2422(b). The indictment arose from a sting operation in which a federal agent, using internet and telephone communications, posed as a mother who wanted Macapagal to help her three young daughters "find their womanhood." The challenges to the conviction principally concern the use of an adult intermediary and the lack of any direct communication with a person believed to be a child. We affirm the conviction, because we agree with all the other circuits that have considered similar challenges, and have concluded that the requisite intent to entice a minor is not defeated by use of an adult intermediary. We remand for resentencing, because we

hold in line with our circuit law that one of Macapagal's special conditions of supervised release regarding computers is overbroad in its current form.

## Background

As part of a 2019 FBI investigation into the use of the internet to obtain sex with minors in Hawaii, an agent responded to Macapagal's profile on a dating website for adults. The agent posed as "Kay," the mother of three minor daughters, and confirmed Macapagal's interest in "taboo ff," an abbreviation for "family fun" or sex with minors in a family. As the conversations continued by telephone, Kay explained her daughters were aged 6, 9, and 11, and she wanted them to learn about sex in a safe environment. Macapagal proceeded to volunteer to help her endeavor, which he termed a "wonderful thing." He described his gentle and patient qualities, and agreed to use condoms and refrain from anal intercourse. Through text messages the two exchanged photographs, including one of Macapagal's nude torso, that he asked to be shared with at least one of the girls. They also discussed the girls' preferences and favorite colors, and arranged for the planned meeting where Macapagal would provide gift bags with presents for each girl. The record is replete with communications from Macapagal to Kay in which Macapagal explained how he could make Kay's children be relaxed and comfortable with him. Macapagal showed up for the meeting with gift bags, condoms, and vibrators, and he was immediately arrested.

At his jury trial, Macapagal testified that he never intended to participate in sexual activity with the children, but rather believed he was engaging in fantasy and roleplay. The

jury apparently did not find him credible. He was convicted and sentenced to 121 months imprisonment and 10 years supervised release that included a special condition barring all computer possession and use without prior approval. He appeals both the conviction and sentence.

## Analysis

In appealing the conviction, Macapagal challenges the use of an adult intermediary for his communications and contends the statute required the government to prove direct communication with someone he believed to be a minor. He also claims the government improperly argued the jury should convict him on the basis of his attempted personal meeting with the children rather than through instrumentalities of interstate commerce as required by § 2422(b). Neither contention is valid.

This court in a published opinion has not previously addressed the argument that the statute requires direct communication with the supposed minor rather than with an intermediary, but most of our sister circuits have considered and rejected it. *See United States v. Vinton*, 946 F.3d 847, 853 (6th Cir. 2020); *United States v. Caudill*, 709 F.3d 444, 446 (5th Cir. 2013); *United States v. Berk*, 652 F.3d 132, 140 (1st Cir. 2011); *United States v. Douglas*, 626 F.3d 161, 164–65 (2d Cir. 2010) (per curiam); *United States v. Nestor*, 574 F.3d 159, 160-62 (3d Cir. 2009); *United States v. Spurlock*, 495 F.3d 1011, 1013-14 (8th Cir. 2007); *United States v. Murrell*, 368 F.3d 1283, 1287 (11th Cir. 2004). No circuit has agreed with Macapagal's position. We take this opportunity to stress that so long as the government proves the defendant's intent was to obtain sex with a minor, it does

not matter that the phone or internet communications occurred only between the defendant and an adult intermediary. As several courts have noted, the efficacy of § 2422(b) would be eviscerated if a potential defendant could avoid prosecution by employing an adult as an intermediary. *See Murrell*, 368 F.3d at 1287. The court in *Spurlock* observed that it makes sense to prosecute defendants for communications they made through an intermediary that was posing as a parent. *Spurlock*, 495 F.3d at 1014 ("We do not believe the statute exempts sexual predators who attempt to harm a child by exploiting the child's natural impulse to trust and obey her parents"); *see also Douglas*, 626 F.3d at 165 ("Potential victims of enticement may be too young to use the Internet or otherwise communicate directly with strangers without their parents' supervision").

The principal authority Macapagal cites to support his position is Judge Brown's dissenting opinion in *United States v. Laureys*, 653 F.3d 27, 38-39 (D.C. Cir. 2011) (Brown, C.J., dissenting in part). The dissent expressed the view that the statute was intended to penalize only online communications with children. *Id.* No other opinion however, dissenting or otherwise, has taken such a narrow view. As the majority opinion in *Laureys* pointed out, "every circuit to consider the issue has concluded a defendant can violate § 2422(b) by communicating with an adult intermediary rather than a child or someone believed to be a child." *Id.* at 33.

Macapagal similarly maintains that the district court erred when it instructed the jury that "[t]he government is not required to prove that the defendant communicated directly with a person he believed to be a minor." His challenge fails for the same reasons we have discussed. The jury instruction

accurately states the law.

At trial, the government presented evidence of Macapagal arriving at the anticipated rendezvous with children's gift bags and sex toys. On appeal, Macapagal takes aim at the government's reliance on that evidence, contending that the government was improperly attempting to convince the jury to convict on the basis of personal communication rather than communications through a means of interstate commerce. The record reflects, however, that the government's use of the evidence was appropriate. At trial, Macapagal testified that he never intended his internet and phone communications to lead to any actual sexual encounter; he was merely engaging in a fantasy and he never believed there were real children. It is thus clear from the record that the government relied on Macapagal's elaborate preparations in anticipation of an in-person encounter in order to refute the contention he lacked the requisite criminal intent.

More important, the evidence was a crucial part of the government's case. Because Macapagal was charged with the crime of attempt, the government was required to show both an intent to commit the substantive offense of enticement and a substantial step toward its commission. *See United States v. Goetzke*, 494 F.3d 1231, 1234-35 (9th Cir. 2007) (per curiam) (citing *United States v. Meek*, 366 F.3d 705, 720 (9th Cir. 2004)). To constitute a substantial step, a defendant's "actions must cross the line between preparation and attempt by unequivocally demonstrating that the crime will take place unless interrupted by independent circumstances." *United States v. McCarron,* 30 F.4th 1157, 1162 (9th Cir. 2022) (quoting *Goetzke*, 494 F.3d at 1237). We have previously considered what might constitute a

substantial step with respect to the crime of attempted enticement of a minor. In *Meek*, we held that the defendant had taken a substantial step toward the commission of the crime, citing his "extensive sexual dialog, transmission of a sexually-suggestive photograph, repeated sexual references as to what Meek would do when he met the boy, and his travel to meet the minor at a local school." 366 F.3d at 720. We reached the same result in *Goetzke*, where we concluded that a rational trier of fact could find that Goetzke took a substantial step when he "mailed letters to W that flattered him, described the sex acts that Goetzke wanted to perform on him, and encouraged him to return to Montana." 494 F.3d at 1236; *see also United States v. Roman*, 795 F.3d 511, 518 (6th Cir. 2015) (finding a substantial step when Roman purchased a flower and the child's favorite Butterfinger candy to help "break the ice" and to obtain her assent to engage in sexual activity with him). Macapagal's travel to the anticipated meeting site bearing gifts both established that substantial step and refuted his fantasy defense.

Macapagal relatedly claims that the government presented an invalid legal theory to the jury by arguing that Macapagal could be convicted of violating § 2422(b) based only, or primarily, on his in-person activities at the house. But the government repeatedly emphasized in both its arguments to the jury and in its presentation of evidence that Macapagal had engaged in online activities designed to entice minors through the use of an intermediary. Although Macapagal points to isolated statements that the government made at trial, considering the record as a whole, the government did not convey an improper theory to the jury or claim that Macapagal's online activities were inessential or irrelevant.

And Macapagal's argument that he merely used means of interstate commerce to arrange a meeting fails to account for the full nature of his discussions with Kay, which were designed to entice children to engage in sexual activities with him.

Macapagal also challenges the sufficiency of the evidence, but the evidence was more than sufficient to support the jury's verdict. Macapagal described to Kay his desire to engage in sexual activity with her daughters and provided her with suggestions on how to make that happen. He asked her to tell the daughters what to expect and to share photos. He made plans to meet Kay at her rental house, where he would engage in sexual activity with the three daughters, and he even arrived with personalized gifts for each of the daughters, presumably to gain their trust before the sexual encounter. Macapagal's challenge to the sufficiency of the evidence is plainly without merit.

He challenges as well the jury instruction on the irrelevance of the minor's intent. The district court, however, correctly instructed the jury that "[a] minor's willingness to engage in sexual activity . . . is irrelevant to the elements of Title 18, United States Code, Section 2422(b)." This instruction accurately stated the law. In *United States v. Dhingra*, 371 F.3d 557, 567 (9th Cir. 2004), we explained that the plain language of the statute makes clear that the relevant inquiry is the conduct of the defendant, not the minor. The instruction properly focused on Macapagal's intent.

The district court, over Macapagal's objection, permitted agents' testimony explaining sexual terms and acronyms used

in the communications with Macapagal. There was no abuse of discretion. The agents had personal knowledge of the communications as they were acting as Kay, and the explanation was helpful because they were able to explain what was meant by terms jurors were unlikely to know. Thus, the agents' testimony could help the jury correctly discern the context of communications relevant to determining Macapagal's guilt.

At sentencing, the district court imposed a special condition of supervised release that stated: "You must not possess and/or use computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media, without the prior approval of the probation officer." Macapagal challenges the condition as vague and overbroad. The statute governing computer fraud crimes, 18 U.S.C. § 1030(e)(1) defines "computer" as:

> an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, andincludes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

18 U.S.C. § 1030(e)(1). We recently considered a similar challenge in *United States v. Wells*, 29 F.4th 580, 590 (9th Cir. 2022), where we found that the special condition

requiring prior approval for possession or use of a computer, also as defined by § 1030(e)(1), to be unconstitutionally vague, and remanded for the district court to narrow the special condition. We highlighted the numerous items which would seemingly fall within the ambit of the condition, but which a reasonable person might be unaware: refrigerators with internet connectivity, Fitbit watches, and even cars manufactured after 2008. *Id.* at 589. We said that "a limiting instruction would clearly indicate . . . whether a device is barred or not." *Id.* at 590. Guided by *Wells*, we conclude that the special condition limiting Macapagal's possession and use of computers is overbroad. Finally, Macapagal also challenges as vague and overbroad a special condition which forbids him from accessing the internet except for reasons approved in advance by his probation officer. Macapagal did not object to this condition at trial, so our review is for plain error. *Wells*, 29 F.4th at 592. Under this heightened standard, we cannot say that the district court plainly erred in imposing the special condition limiting Macapagal's internet access. The condition is sufficiently specific and related to Macapagal's criminal activity and the need for deterrence. Accordingly, we affirm the conviction but remand the sentence for the district court to narrow the special condition on computer possession and use.

**AFFIRMED in part; VACATED and REMANDED in part.**